[Sac. No. 492.   In Bank.—October 3, 1900.]

JOHN N. WOODS et al., Respondents, v. NICOLAUS JEN-SEN, Appellant.

Action to Quiet Title—Conveyance in Satisfaction of Mortgage—Recitals—Burden of Proof as to Intention.—In an action to quiet title, where the plaintiffs relied upon a conveyance in fee simple made by the defendant to the plaintiffs, which recited that it was made in consideration of the satisfaction and cancellation of a mortgage from defendant to the plaintiffs, and an additional sum of fifty dollars, and that it was not made for the purpose of securing money due, but was executed and delivered for the purpose of conveying the land to the plaintiffs, their heirs and assigns, by a title in fee sim-

ple absolute, the burden of proof is not upon the plaintiff to
show that such deed was not intended as a mortgage, but is
upon the defendant to show by clear and convincing evidence
that the deed was so intended.

ID.—CONFLICTING EVIDENCE AS TO INTENTION—FINDINGS OF JURY—APPEAL.
Where there is conflicting evidence as to whether the deed was
or was not intended as a mortgage, the findings of the jury
that the plaintiffs were the owners of the land in fee simple,
and that the defendant owned no interest therein, are war-
ranted by the evidence, and cannot be disturbed upon appeal.

ID.—CONDITIONAL AGREEMENT TO RECONVEY—PERMISSION TO RETAIN POS-
SESSION.—The mere giving to the defendant by the plaintiffs of a con-
ditional agreement to reconvey the land on or before a cer-
tain date, upon payment of a specified sum of money, and if
not paid the agreement should become void and cancel itself,
together with a verbal agreement for retention of possession
by the defendant until that date, does not show the transac-
tion to be a mortgage, in the absence of sufficient proof that
it was so intended.

ID.—EVIDENCE—CONVERSATION WITH DEFENDANT'S ATTORNEY—AGENCY
—MAKING OF CONTRACT.—Evidence is admissible to show a conver-
sation between one of the plaintiffs and the attorney for the
defendant, to whom the defendant, who spoke but little Eng-
lish, referred the plaintiff, when he was pressed for payment
of the mortgage; and such evidence is not subject to the ob-
jection that plaintiff's attorney had no authority to bind the
defendant by contract, where it appears that such conversa-
tion was merely preliminary, and that the transaction was not
consummated until a meeting of the plaintiff and of the de-
fendant and his attorney, who then acted as interpreter for
the defendant, and that the defendant thereafter executed the
deed.

ID.—TEMPORARY PLEDGE OF MORTGAGE—SUBSEQUENT SATISFACTION—TITLE
NOT AFFECTED.—The fact that the note and mortgage were tempo-
rarily pledged when the deed was executed, and were re-
deemed and canceled, and satisfaction of the mortgage en-
tered upon the record, several days thereafter, does not affect
the title acquired by the deed.

ID.—CANCELLATION WRITTEN UPON NOTE—SECONDARY EVIDENCE.—Sec-
ondary evidence of the plaintiff that he wrote the words
"canceled and paid" on the back of the note, is sufficiently war-
ranted by proof that he put the note and mortgage in his pocket
with those words on the note, to be delivered to the defend-
ant or his attorney, and thought he had given them to the
attorney, and could not since find them, though he had looked
everywhere among his papers. The fact that he did not ex-
pressly state that he had looked in his pocket, the question not
having been asked him, cannot affect the sufficiency of the
foundation laid.

ID.—IMMATERIALITY OF EVIDENCE—NOTE RENDERED VALUELESS — AB-
SENCE OF CONDITION.—The proof of the cancellation of the note can-
not be material in view of the cancellation of the mortgage
upon the records, rendering the note of no value, and in view
of the further fact that the cancellation of the note and mort-
gage was not a condition either precedent or subsequent to the
title conveyed by the deed.

ID.—NEW TRIAL — "IRREGULARITY IN PROCEEDINGS OF COURT"—AFFI-
DAVITS—NATURE OF GROUND.—"Irregularity in the proceedings of
the court," as a ground for new trial, must be based upon affi-
davits; and this ground is intended to refer only to matters
which an appellant cannot fully present by exceptions taken
during the progress of the trial, and which, therefore, must
appear by affidavit.

ID.—IMPROPER QUESTIONS ASKED BY COURT—EXCEPTIONS—STATEMENT.—
Objections to questions asked of witnesses by the court, equally
with objections to questions asked by counsel, can only be re-
viewed upon exceptions taken thereto at the trial; and improper
questions asked by the court cannot be urged as a ground
of "irregularity in the proceedings of the court." If exceptions
are not taken, the fact that questions so asked are embodied
in the statement is immaterial; and the respondent is not bound
to object to their being inserted therein.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order denying a new trial.
Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

J. G. Swinnerton, and Max Grimm, for Appellant.

W. B. Nutter, for Respondents.

McFARLAND, J.—Judgment went in the court below for
plaintiffs, and defendant appeals from the judgment and from
an order denying his motion for a new trial.

The action was to quiet title to certain described land. The
answer merely denies the ownership of plaintiffs and avers
ownership in defendant. It is admitted that on the second
day of January, 1897, the defendant was the owner in fee
of the land, and that at said date and for two or three
years previous thereto the plaintiffs held a mortgage on the
land executed by defendant for something over five thou-
sand dollars. On that day the defendant executed to the

plaintiffs a deed which upon its face granted and conveyed the land to the plaintiffs and to their heirs and assigns forever. It recited that it was made in consideration of the satisfaction and cancellation of the mortgage, and also an additional sum of fifty dollars. It also had this additional clause: "This conveyance is not made for the purpose of securing the payment of money due from said first party to said second party, but is executed, acknowledged, and delivered for the purpose of conveying to said second party, their heirs and assigns, the said land by a fee simple title absolute." The real defense to the action is that this deed was merely intended as a mortgage to secure the money which had been secured by the former mortgage mentioned in the deed. The court called in a jury, who returned a general verdict for plaintiff and also answers to certain special issues submitted to them— the answers to the special issues being to the effect that plaintiffs were owners in fee of the land, and that defendant was not the owner of the same or of any interest in it or in any part of it.

Appellant contends that the evidence does not warrant the verdict and findings of the jury, which are, of course, in effect, that the deed in question conveyed the absolute fee and was not intended as a mortgage. But this contention cannot be maintained. Appellant's contention seems to be, to a large extent at least, that although plaintiffs have a deed conveying the absolute title, yet the burden is on them to show that it was not a mortgage. But, of course, the exact opposite of this proposition is true. That a deed purporting on its face to convey the title absolutely may be shown by parol evidence to be something else—namely, a mortgage—is a striking exception to the general rule, and it has been universally held that the character of the instrument cannot be thus changed except upon clear and convincing evidence. (See *Sheehan v. Sullivan*, 126 Cal. 189.) In the case at bar, the utmost that could be said on the subject is that the testimony of the two witnesses, John W. Woods for plaintiff and Max Grimm for defendant, was to some extent conflicting as to whether the deed was intended as a mortgage.

Exceptions were taken to some parts of the instructions given by the court to the jury; but as to those objections it is sufficient to say that the instructions of the court were a clear and correct statement of the law bearing upon the main issue in the case. An exception was made to a question or two asked by plaintiff of the witness Woods as to certain conversations which he had with defendant's witness Grimm, upon the theory that plaintiff was trying to prove a contract made by Grimm for the defendant without authority from the latter. The defendant was a German and spoke but little English, and when the plaintiff pressed him for payment of the mortgage, he referred him to Mr. Grimm, and told him to go and see Mr. Grimm and talk with him, as Mr. Grimm was his attorney. Before these objections were made, counsel for defendant had already asked the witness Woods about, and the latter without objection had testified to, certain propositions which Grimm had made to him when he went to see him as directed by the defendant; and there was really nothing further brought out by the questions of plaintiff to Woods to which the objections were made. As the defendant had directed plaintiff to talk to Grimm about the matter, we see no objection in introducing what Grimm said. Appellant contends that Grimm had no power to make a contract with the plaintiff. But, while that may be so, no contract was made by Grimm; there was merely a preliminary conversation with him in which Grimm, according to the testimony of witness Woods, made a certain proposition to the latter on the part of the defendant. But the transaction was not consummated until Woods, Grimm, and the defendant were all present—Grimm, who understood German, acting as the interpreter between Woods and the defendant. The deed itself was executed by the defendant. Therefore we do not think that these objections were well taken.

Appellant seems to attach some importance to the fact that at the time this deed was executed plaintiffs had temporarily pledged the note and mortgage to a Mrs. Ralph as security for some money owing to the latter by the plaintiffs. A few days after the execution of the deed, the plaintiffs received back from Mrs. Ralph this note and mortgage, and on the 13th of the month entered satisfaction of the mortgage upon the books

of the county recorder.   The plaintiff Woods testified that at
the same time he wrote on the back of the note "canceled and
paid"; and the appellant objected to his so testifying because
there was no sufficient proof that the note had been lost.
Woods testified, however, that after he had marked the note
and mortgage canceled he put them in his pocket with the in-
tention of giving them to either the appellant or his attorney
Grimm, and thought he had given them to the latter, and that
he had not been able since to find them.   He testified very
fully that he had looked everywhere among his papers and
could not find the note and mortgage.   Appellant contends
that this is not sufficient because he had not testified expressly
that he had looked "in his pocket."   But certainly his testi-
mony was sufficient to show that the note could not be found—
especially as it did not occur to anyone at the trial to ask him
expressly if he had looked in his pocket.   His testimony was
sufficient to include all probable places where the papers would
be likely to be found.   Moreover, it was a matter of no conse-
quence; in the first place, the mortgage was canceled on the
records, and neither it nor the note would have been afterward
of value; and, secondly, the cancellation of the note and mort-
gage was not a condition either precedent or subsequent which
could at all affect the conveyance of the title by the deed.

One of the grounds of the motion for new trial was "irregu-
larity in the proceedings of the court"; and this cause for a
new trial is based entirely upon certain questions asked by the
court of appellant's witness which appellant claims should not
have been asked.   These questions appear in the statement as
occurrences which took place at the trial; but no exceptions
were taken to them, and there is no affidavit in respect to
them.   Under sections 657 and 658 of the Code of Civil Pro-
cedure, "irregularity in the proceedings of the court" must be
"made upon affidavits."   It is quite evident that this ground
for a new trial is intended to refer to matters which an appel-
lant cannot fully present by exceptions taken during the prog-
ress of the trial, and which therefore must appear by affida-
vit.   An inadmissible or improper question asked a witness
during the progress of a trial, whether asked by counsel or

court, must be excepted to, or advantage of it cannot afterward be taken. The fact that such occurrences as those here objected to appear in a bill of exceptions or a statement without any exceptions having been taken to them is of no consequence. Appellant contends that respondents should have objected to having these occurrences put into the statement; but respondents are not in a position to object to anything done by a court which rendered a judgment in their favor, and, moreover, why should they object to something which was of no importance? Moreover, we think that appellant gives undue significance to the few questions asked by the court; and, if they could be reviewed here, we could scarcely hold them to be such an abuse of discretion and so prejudicial as to call for a reversal.

At the time of the execution of the deed plaintiffs gave to defendant a certain paper writing which is somewhat discussed in the briefs, but which throws no new light on the transaction, and by no means strengthens appellant's contention. It is merely an agreement that if defendant should pay to plaintiffs a certain sum of money on or before October 1, 1897, plaintiffs would "reconvey said lands" to him, and, if he should not do so, then the agreement "shall become void and cancel itself." The provision that defendant might remain in possession until October 1st was part of the original verbal agreement—the plaintiff Woods testifying that he would rather allow defendant to take that year's crop than to go to the expense and trouble of a foreclosure. Of course, no matter how strong the language of the deed, or of any instrument accompanying it, might be, still, under the statute, it could have been proven by sufficient oral testimony to have been intended as a mortgage; but such sufficient testimony was not produced.

There are no other points which call for a discussion.

The judgment and order appealed from are affirmed.

Henshaw, J., Harrison, J., Van Dyke, J., and Garoutte, J., concurred.

Temple, J., dissented.

Rehearing denied.