[L. A. No. 2244.   Department One.—June 16, 1909.]

C. M. McCOLLOUGH, Respondent, v. HOME INSURANCE COMPANY OF NEW YORK (a Corporation), Appellant.

Vendor and Vendee—Contract for Sale of Land—Designation of as Lease.—An instrument in writing, designated therein as a "lease contract," whereby the owner of land acknowledged the receipt from the payer of a specified sum of money "as a deposit to secure" the land, and which stated that the deposit was accepted as rent of the land for one week, that the payer was to pay further sums as weekly rent for a specified number of weeks, and that upon such payments being made, the owner would convey the property to the

payer, and which further contained a provision for forfeiture in the event of default in the payments, is a contract for the sale of the land, and not a lease.

Id.—Fire Insurance—Equitable Title of Vendee—Sole and Unconditional Ownership.—A vendee in the possession of land under a valid contract of purchase which he is entitled to enforce specifically, even though a portion of the purchase price may remain unpaid, is the holder of such an equitable title as to constitute him the "sole and unconditional owner" of the land, within the meaning of a policy of fire insurance providing that it should be void if the interest of the assured be other than unconditional and sole ownership. Such rule would not apply to the case of one in possession under a mere option, which does not bind him to make the payments or to complete the purchase.

Id.—Waiver of Proofs of Loss—Statements of Adjuster May Constitute Waiver.—A provision in a policy of fire insurance requiring the assured to furnish sworn proofs of loss within a specified time after the fire, is waived where an adjuster for the company, within the time so limited, stated to the assured that such proofs were unnecessary, and that he would adjust the loss without them, and the assured failed to make formal proofs because of such statements, and the company made no denial of liability until after the expiration of the time limited to furnish proofs.

Id.—Provision of Policy against Waiver.—A provision in the policy that no officer, agent, or other representative of the company shall have power to waive any condition of the policy except such as may be indorsed thereon or added thereto has no reference to those stipulations which are to be performed after a loss has occurred, such as giving notice and furnishing preliminary proofs.

Id.—Non-Waiver Agreement Pending Adjustment.—An agreement entered into by the assured and the adjuster for the company, pending the adjustment of the loss, to the effect that any action taken by the company "in investigating the cause of the fire or investigating and ascertaining the amount of loss or damage, shall not waive or invalidate any of the conditions of the policy," will not prevent such a waiver of proofs of loss by the affirmative representations of. the adjuster calculated to lead the assured into the belief that written proofs would not be required.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

John W. Kemp, and Kemp & Collier, for Appellant.

C. W. Pendleton, for Respondent.

SLOSS, J.—On July 31, 1905, the defendant issued to plaintiff a policy of fire insurance in the sum of three thousand dollars. Of this amount two thousand dollars was on a frame building, and one thousand on household furniture and effects contained therein. The building and contents were destroyed by fire, and this action was brought on the policy. The plaintiff had judgment for $2650, with interest and costs, and defendant appeals from the judgment and from an order denying its motion for a new trial. The appellant bases its position upon two clauses of the policy, one relating to the title of the insured, and the other to the furnishing by him of sworn proofs of loss within a certain time.

1. The policy provided that it should "be void . . . if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by insured in fee simple." The court found, following the allegations of the complaint, that before the policy was issued, the plaintiff fully stated and disclosed to the defendant and its agents the nature and character of his interest in said land, i. e., that he held the land under a contract of purchase, was paying for the same upon installments, and did not yet have a deed, and found, further, that at all times since the issuance of the policy, the plaintiff had been the sole and exclusive owner of the building and the land, "except as aforesaid." These findings, in so far as they import either a compliance with the terms of the policy or a waiver of a breach, are attacked as unsupported by the evidence.

The facts shown in connection with plaintiff's interest in the property were these: On April 22, 1904, Golden State Realty Investment Company, a corporation, was the owner of the land, described as lots 62 and 63 in the Watts Junction tract. On that day it issued to plaintiff two papers, similar in form, referring to lots 62 and 63 respectively. Each acknowledged the receipt from plaintiff of three dollars, "as a deposit to secure" the lot described, and went on to state that the deposit was accepted as rent of said property for one week, that plaintiff was to pay the further sum of $1.50 as weekly rent for 97 weeks, and that upon payment of said sums, and the further sum of $1.50, the Golden State Company would convey the property, free and clear of encumbrance, to plaintiff. The contracts contained a provision for forfeiture in the event of

a default in payment for four weeks. At the date of the issuance of the policy, July 31, 1905, the plaintiff had made fifty-six weekly payments on each of the contracts. Subsequently the remaining payments were made and the property conveyed to plaintiff. The building on the land was erected by plaintiff and was occupied by him.

The papers issued by the Golden State Company bore the designation "Lease Contract." Notwithstanding this, and the further fact that the weekly payments were described as "rent," there can be no doubt that the instruments were in fact not leases, but contracts of sale. (*Parke etc. Co.* v. *White River L. Co.*, 101 Cal. 37, [35 Pac. 443]; *Parke etc. Co.* v. *White River L. Co.*, 110 Cal. 658, [43 Pac. 202]; *Holt Mfg. Co.* v. *Ewing*, 109 Cal. 353, [42 Pac. 435].)

The clause of the policy providing that it shall be void if the insured's interest is other than sole and unconditional ownership, or the subject be a building on ground not owned by the insured in fee simple is designed to remove from him the temptation to profit by the willful destruction of property not entirely owned by him. (*Imperial Fire Ins. Co.* v. *Dunham*, 117 Pa. 460, [2 Am. St. Rep. 686, 12 Atl. 668].) "It therefore follows that the clause is in most cases held to refer to the character and quality of the title—to the actual and substantial ownership, rather than to the strictly legal title." (2 Cooley on Insurance, 1369.) An equitable title in the insured is a sufficient compliance with the condition in question. A vendee in possession of property under a valid contract of purchase which he is entitled to enforce specifically, is the holder of such equitable title. (Id. 1376.) And the great weight of authority supports the proposition that such vendee is the "sole and unconditional owner," within the meaning of the policy, even though a portion of the purchase price may yet remain unpaid. (Id.; *Pennsylvania F. I. Co.* v. *Hughes*, 108 Fed. 497, [47 C. C. A. 459]; *Phenix Ins. Co.* v. *Kerr*, 129 Fed. 723, [64 C. C. A. 251]; *Loventhal* v. *Home Ins. Co.*, 112 Ala. 108, [57 Am. St. Rep. 17, 20 South. 419]; *Dupreau* v. *Hibernia Ins. Co.*, 76 Mich. 615, 43 N. W. 585; *Pelton* v. *Westchester F I. Co.*, 13 Hun, 23, affirmed 77 N. Y. 605; *Imperial Fire Ins. Co.* v. *Dunham*, 117 Pa. 460, [2 Am. St. Rep. 686, 12 Atl. 668]; *Franklin F. I. Co.* v. *Crockett*, 7 Lea, 725; *Johannes* v. *Standard Fire Office*, 70 Wis. 196, [5 Am. St. Rep. 159, 35 N. W.

298].) This doctrine would not apply to the case of one in possession of land under a mere option, which does not bind him to make the payments or to complete the purchase. (*Phenix Ins. Co.* v. *Kerr,* 129 Fed. 723, [64 C. C. A. 251].) Here, however, while the instruments executed by the Golden State Company were not signed by the plaintiff, they referred to and incorporated a prior application signed by him, and we think the contract and application, read together, did amount to an agreement, on McCullough's part, to purchase and pay for the property.

Under the facts shown there was, therefore, no breach of the condition of ownership, and there is no occasion to consider whether the evidence supports the finding of a waiver of the supposed breach.

2. The policy contained the usual clause requiring the insured to furnish sworn proofs of loss within sixty days after the fire. This condition was not complied with, but the court found, following plaintiff's averment, that oral notice and proof were given by plaintiff within four days after the fire, and that the defendant then and there waived written notice and proof. There was evidence to the effect that, within the sixty days allowed for proofs, the plaintiff had an interview with one Layng, an adjuster for the company; that at this interview Layng and he went over the items of loss claimed, in an effort to arrive at the value of the property destroyed, and that at this time Layng stated to plaintiff that the proof "ought to be sworn to, but it was not necessary." . . . "He said it didn't make any difference, he would go ahead and settle just the same." The plaintiff testified that he failed to make formal proofs because of these statements. At various times thereafter McCollough and Layng had discussions regarding the amount of loss, but no denial of liability was made by the company until more than sixty days had elapsed from the time of the fire.

The court was fully justified in finding from this evidence that the company had waived the requirement of written and sworn proof of loss. (4 Cooley's Briefs on Ins., 3483, 3487, 3490, 3511, and cases cited; May on Ins., sec. 468; *Williams* v. *Hartford Ins. Co.,* 54 Cal. 442, 448, [35 Am. Rep. 77]; *Carroll* v. *Girard F. Ins. Co.,* 72 Cal. 297, [13 Pac. 863].) The clause of the policy providing that no officer, agent, or

other representative of the company shall have power to waive any condition of the policy except such as may be indorsed thereon or added thereto "has no reference to those stipulations which are to be performed after a loss has occurred, such as giving notice and furnishing preliminary proofs." (*Wheaton* v. *North British etc. Ins. Co.*, 76 Cal. 415, 428, [9 Am. St. Rep. 216, 18 Pac. 758, 764]; *Franklin F. I. Co.* v. *Chicago Ice Co.*, 36 Md. 102, [11 Am. Rep. 469]; 4 Cooley on Insurance, 3503 and cases cited.) Furthermore, this provision itself may be waived by certain officers or agents, (*Carroll* v. *Girard F. I. Co.*, 72 Cal. 297, [13 Pac. 863]; *Arnold* v. *American Ins. Co.*, 148 Cal. 660, [84 Pac. 182; *Mackintosh* v. *Agricultural Fire Ins. Co.*, 150 Cal. 440, [119 Am. St. Rep. 234, 89 Pac. 102], or the company may be estopped from relying on it, (*Blake* v. *Exchange Mut. Ins. Co.*, 12 Gray, 265).

The appellant relies upon a "non-waiver agreement" signed by McCollough during the pendency of his negotiations with Layng. This paper provided that "any action taken by said party of the second part (the company) in investigating the cause of fire or investigating and ascertaining the amount of loss and damage . . . shall not waive or invalidate any of the conditions of the policy." This agreement has no bearing upon the question before us. It has no reference to affirmative representations calculated to lead the insured into the belief that written proofs would not be required. A statement that such proofs were not necessary is no part of action by the company "in investigating the cause of fire or ascertaining the amount of loss."

In view of what we have said, none of the other assignments of error are of sufficient importance to merit particular discussion.

The judgment and order appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.