[L. A. No. 2968.   Department One.—November 30, 1912.]

## BAXTER TODD, Respondent, v. MARY V. L. TODD, Appellant.

Mortgage—Deed Absolute in Form—Parol Evidence—Security for Debt.—A deed absolute in form may be shown by parol evidence to have been intended to be a mortgage, and if it was intended merely as security for the payment of a debt, it is a mortgage, no matter how strong the language of the deed or any instrument accompanying it may be.

Id.—Effect of Evidence—Question for Trial Court.—Where there is a substantial conflict in the evidence as to the character of the instrument, it is primarily for the trial court to determine whether the evidence in favor of the claim of mortgage is clear and convincing.

Id.—Finding—Evidence.—The finding that the deed in question was intended as a mortgage, is held to be sustained by the evidence, without substantial contradiction.

Id.—Obligation Essential to Mortgage—Need not be Evidenced by Writing.—The existence of an obligation to be secured is essential to the mortgage, but it is not necessary that the obligation be evidenced in writing, if in fact there was a debt.

Id.—Action for Redemption from Mortgage—Pleading—Maturity of Debt.—In an action to have a deed declared a mortgage and for its satisfaction upon payment of the loan to secure which it was given, the fact that such loan was due and payable is sufficiently shown by an allegation of the complaint to the effect that the date on which the plaintiff had agreed to pay the loan had passed, and that no part thereof, except a specified amount, had been paid.

Id.—Excuse of Laches—Consent of Mortgagee to Delay.—The laches of the plaintiff in delaying the commencement of such action for over thirteen years after the maturity of the loan, is excused, if the defendant, during that period, repeatedly excused and exonerated the plaintiff from the obligation to make further payments on the indebtedness and requested him not to make further payments.

Id.—Sale of Part of Mortgaged Premisies—Consent of Mortgagor—Estoppel.—The grantor under such deed is not estopped to claim it was intended as a mortgage merely because he consented to a sale by the grantee of a part of the premises conveyed, and claimed a credit of the purchase price on the indebtedness secured by the deed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

George Beebe, for Appellant.

Carter, Kirby & Henderson, for Respondent.

SLOSS, J.—The parties are husband and wife. On June 5, 1895, the plaintiff executed an instrument, in form a grant, bargain, and sale deed, purporting to convey to the defendant a lot in the Victor Heights Tract, in the city of Los Angeles, and twelve and one-half other lots situate in a tract near said city. The complaint in this action alleges that the instrument so executed, although absolute in form, was intended by the parties to be a mortgage to secure the payment of one thousand six hundred dollars, loaned by defendant to plaintiff. The agreement of the parties, as the complaint avers, was that said sum of one thousand six hundred dollars was to be repaid on June 5, 1896, with interest at the rate of seven per cent per annum, payable semi-annually, and if not so paid to be compounded. It is further alleged that on March 1, 1898, the defendant, with plaintiff's consent, sold and conveyed the lot in the Victor Heights Tract to one Deakin for the consideration of one thousand dollars, which was retained by defendant as a payment on the indebtedness above mentioned; that no other payments have been made on said indebtedness. The complaint sets up an offer by plaintiff to pay the balance due, a demand for reconveyance, the defendant's refusal to reconvey, and plaintiff's continued ability and willingness to pay upon receiving such reconveyance. The prayer is for an accounting of the amount due; that the instrument be declared a mortgage, and that defendant be required to reconvey or release upon payment of the amount adjudged to be due.

The answer denies the making of any loan, or that the instrument in question was intended to be a mortgage. The defendant alleges that she purchased the property of plaintiff for one thousand six hundred dollars, and that the deed executed to her was an absolute conveyance, as it purported to be.

She avers that the Victor Heights lot, sold by her, was her separate property. She also sets up the payment by her of certain taxes levied upon the property.

The findings were in favor of the plaintiff on the issues regarding the making of the loan and the purpose with which the deed was delivered and accepted. The court found that the defendant sold the Victor Heights lot for one thousand dollars, and retained said sum as a payment on the indebtedness. It is found that the unpaid balance of the indebtedness, with interest, amounts to $2,243.67, and that the defendant paid taxes which, with interest, amount to $196.75. The total sum due from plaintiff to defendant is $2,440.42, and the judgment decrees that on payment of this sum, the defendant execute and deliver to plaintiff a satisfaction of the instrument of June 5, 1895, which is adjudged to be a mortgage.

The defendant appeals from the judgment, bringing up the evidence by means of a bill of exceptions.

The appellant's principal contention is that the evidence is insufficient to justify the finding that the instrument executed by plaintiff and defendant was a mortgage. That a deed absolute in form may, by parol testimony, be shown to have been intended to be a mortgage is not questioned as, of course, it could not be, in view of the many authorities so holding. A few citations will suffice. (Civ. Code, sec. 2924; *Montgomery* v. *Spect,* 55 Cal. 352; *Malone* v. *Roy,* 94 Cal. 341, [29 Pac. 712]; *Woods* v. *Jansen,* 130 Cal. 200, [62 Pac. 473]; *Holmes* v. *Warren,* 145 Cal. 457, [78 Pac. 954]; *Couts* v. *Winston,* 153 Cal. 688, [96 Pac. 357].) If the deed was intended merely as a security for the payment of a debt, it is a mortgage, "no matter how strong the language of the deed or any instrument accompanying it might be." (*Woods* v. *Jansen,* 130 Cal. 200, [62 Pac. 473].) Although it has often been said that the character of an absolute deed cannot be changed to that of a mortgage except "upon clear and convincing evidence," the rule is well settled that, where there is a substantial conflict, it is primarily for the trial court to determine whether the evidence in favor of the claim of mortgage is clear and convincing. (*Couts* v. *Winston,* 153 Cal. 688, [96 Pac. 357], and cases cited.) But here we

need not resort to this rule to uphold the finding, since the evidence that the deed was given for security for the debt is not only clear and direct but, in truth, it is without substantial contradiction. The transaction was finally consummated between the plaintiff and one Griffin, the agent of defendant. At Griffin's suggestion, plaintiff executed a deed absolute, and took a paper, signed by defendant, purporting to give to him an option to purchase the lots, within one year, for one thousand six hundred dollars, with interest at the rate of seven per cent per annum. Prior to that time the plaintiff had asked the defendant to lend him one thousand six hundred dollars, and had offered to give her the lots as security, and she had, after some consideration, agreed to comply with his wishes, and referred him to Griffin for the consummation of the deal. There had been no mention of a sale, or of anything but a loan. On these points the testimony of the defendant agreed with that of the plaintiff. Griffin, too, testified that his instructions from Mrs. Todd were to loan the money on the security of the land, and that nothing was said to him about buying the property. In letters written by Mrs. Todd through a series of ten or twelve years, she repeatedly spoke of the property as being "mortgaged" or "encumbered" to her, and said that she had "loaned" the money to plaintiff. Other testimony, too, confirmed the correctness of plaintiff's contention. Opposed to it is nothing but the statement of Griffin that, at the time of the transaction, he had been of the *opinion* that the delivery of the deed would have the effect of a conveyance, if the option should not be acted upon within the year.

The existence of an obligation is, of course, essential to a mortgage. But it is not necessary that the obligation be evidenced in writing, if in fact there was a debt. (*Husheon* v. *Husheon,* 71 Cal. 407, [12 Pac. 410]; *Locke* v. *Moulton,* 96 Cal. 21, [30 Pac. 957]; *Montgomery* v. *Spect,* 55 Cal. 352.) The money having been loaned to the plaintiff, his promise to repay was implied, and was quite as effectual as would have been a promissory note executed by him. (*Couts* v. *Winston,* 153 Cal. 688 [96 Pac. 357].)

The appellant contends that the complaint is defective in that it does not allege that the plaintiff's indebtedness is due and payable. . But the complaint does state that plaintiff

agreed to repay the sum borrowed on the fifth day of June, 1896, and that no part of it, with the exception of one thousand dollars realized from the sale of a lot, had been paid. This was an averment of facts from which the legal conclusion that the balance was due and payable necessarily followed. In *Ganceart* v. *Henry*, 98 Cal. 281, [33 Pac. 92], relied on by appellant, the complaint contained no allegation that the money was agreed to be repaid at a time prior to the commencement of the action.

It is urged that the plaintiff was guilty of laches in delaying his action for over thirteen years after the expiration of the time for which the loan had been made. But the complaint states a sufficient excuse for the delay in paying or in seeking to enforce redemption by the averment that the defendant "repeatedly excused and exonerated plaintiff from the obligation to make further payments on said indebtedness, and requested him not to make further payments." The finding in support of this allegation is fully supported by the evidence, which also furnishes other grounds justifying the delay.

We cannot agree with appellant's contention that plaintiff is estopped from maintaining this action by his assent to defendant's sale of the Victor Heights lot to Deakin. Undoubtedly he would be estopped to deny Deakin's title, as is, in effect, held in *Wamsley* v. *Crook*, 3 Neb. 344, cited by appellant. But, since he claims nothing with respect to this lot except credit for the actual purchase price received by defendant, we see no reason why his rights in the lots which have not been sold should be held to be impaired. The sale to Deakin was, in legal effect, a sale made with the consent of both mortgagor and mortgagee. It conveyed a good title to the purchaser, and released the mortgage, *pro tanto*. The authorities cited by appellant are not in conflict with this view.

No other points are presented.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.