[Civ. No. 3683.   Third Appellate District.—March 18, 1930.]

JOHN NASAROFF, Respondent, v. NATIONAL UNION
    FIRE INSURANCE COMPANY OF PITTSBURGH,
    PA. (a Corporation), Appellant.

James Sykes for Appellant.

M. S. Wahrhaftig for Respondent.

FINCH, P. J.—The plaintiff brought this action to recover on a fire insurance policy covering buildings and furniture and fixtures, which were destroyed by fire. Judgment was entered in favor of the plaintiff and the defendant has appealed.

The answer alleges that the plaintiff, with intent to defraud the defendant, caused the property to be burned. The jury found against this defense and the appellant concedes that such finding is conclusive on appeal. The policy provides:

"Unless otherwise provided by agreement endorsed hereon or added hereto, this entire policy shall be void, . . . if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

Plaintiff's title was acquired by a deed in which plaintiff, John Nasaroff and "Natalie Nasaroff, his wife," are named as grantees. It appears from the evidence that the true name of the woman described in the deed as the plaintiff's wife is Natalie Oshen, and that she was not his wife during any of the time which is material here, but that during all of that time she was the plaintiff's housekeeper, both of them having been married and both having children, all of which children lived in the plaintiff's home and were cared for by Mrs. Oshen. On cross-examination the plaintiff was asked: "And you have lived with this Natalie Nasaroff as your wife?" He answered: "Not as his wife." The form of the answer is due to the fact that the plaintiff testified through an inexperienced interpreter. In the name of "Natalie Nasaroff," Mrs. Oshen joined the plaintiff in the execution of a trust deed conveying the property in question as security for the payment of money borrowed by the plaintiff, she, being unable to write, sign-

ing by her mark. The plaintiff testified that at the time he purchased the property he intended to marry Mrs. Oshen, that he paid the whole of the purchase price thereof and that "nobody else . . . ever had any interest" therein. Mrs. Oshen testified that she paid nothing for the property, that she "never accepted it from anybody as property belonging to" her, that the plaintiff never talked to her about naming her in the deed, that she never knew her name appeared therein, that she had no interest in the property, and that she and the plaintiff owned no property together.

Appellant seems to contend that the only inference from the evidence is that the plaintiff and Mrs. Oshen lived together in the relation of husband and wife without the formality of a marriage, but the plaintiff's statement that she did not live with him "as his wife," while equivocal, is sufficient to warrant a finding by the jury against such contention. If it was material to the defendant's case to show that the plaintiff and Mrs. Oshen were living together in a meretricious relation, more certain proof thereof should have been made.

The plaintiff having paid the full consideration for the transfer of the property to Mrs. Oshen, a trust is presumed to have resulted in his favor, under which he was the equitable owner of the property of which she held the naked legal title. (Civ. Code, sec. 853.) His interest in the insured property, therefore, in accordance with such presumption and as proved by the testimony of himself and Mrs. Oshen, was that of "unconditional and sole ownership" within the meaning of that term as used in the policy. "An insured's ownership is sole when no one else has any interest in the property as owner, and is unconditional when the quality of the estate is not limited or affected by any condition." (14 R. C. L. 1053.) The building was on ground owned by the plaintiff in "fee simple." "Every estate of inheritance is a fee, and every such estate, when not defeasible or conditional, is a fee-simple or an absolute fee." (Civ. Code, sec. 762.) "An equitable title in the insured is a sufficient compliance with the condition in question." (*McCollough* v. *Home Ins. Co.*, 155 Cal. 659, 662 [18 Ann. Cas. 862, 102 Pac. 814, 815]; *Lee* v. *United States Fire Ins. Co.*, 55 Cal. App. 391, 394 [203 Pac. 774];

*Ramirez* v. *United Firemen's Ins. Co.,* 46 Cal. App. 451, 453 [189 Pac. 309].)

■ Appellant contends that it was error to admit the foregoing evidence of Mrs. Oshen, but the facts which establish a resulting trust may be proved by parol evidence. (25 Cal. Jur. 179.)

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.