[Civ. No. 900. Fourth Appellate District.—September 17, 1931.]

MARIA PAEZ, Respondent, v. MUTUAL INDEMNITY ACCIDENT, HEALTH AND LIFE INSURANCE COMPANY OF CALIFORNIA (a Corporation), Appellant.

Byron J. Walters and Walters & Cloud for Appellant.

Edward J. Kelly for Respondent.

ALLEN, J., *pro tem.*—The defendant appeals from a judgment on one of its policies. On June 12, 1926, one Joseph R. Paez applied for a policy of health and accident insurance of the defendant company. At the time the application was made he paid to the agent of the company $3, to be applied on the first premium, and on his death held a receipt issued by the agent therefor. On July 4, 1926, the said Joseph R. Paez was killed, the policy never having been actually delivered into the possession of the insured. The plaintiff was the beneficiary under said policy. The defendant dénies liability in that no policy was ever written on the life of Joseph R. Paez; denies the payment of the sum of $3 on account of any premium; denies that proof of the death of the insured was ever furnished; admits that on the twelfth day of June, 1926, Joseph R. Paez made application to defendant for insurance against loss of life resulting from accidental bodily injury; that the premium on said policy should be $23 for a period of thirteen weeks, with renewal privileges; that Paez, on account of said premium of $23, paid to the agent of defendant company the sum of $3; that the policy so issued upon the application aforesaid, was canceled prior to the death of the insured.

It assigned as error that the action was prematurely brought in that no proof of loss had been furnished defendant as provided in the policy; that the court erred in holding that the defendant insured the life of Joseph R. Paez, for the reason that the policy was never delivered; that the premium was never paid; that the court erred in refusing

to admit certain testimony and that certain findings of fact are not supported by the evidence.

We first take up the question of the delivery of the policy and the payment of the premium, as the determination of this will enlighten us on the other objections. The home office of the appellant was in Los Angeles and its agent was soliciting business in San Diego. On June 12, 1926, the agent solicited the deceased, who made formal application for one of its policies and paid thereon the sum of $3, procuring from the agent an official receipt, which receipt is in the following language:

```
 20.00
 "Amount Due $18.00 Official Receipt
 months
 "For 13 Ins. City San Diego State Calif.
 veeks
 Date June 12, 1926.
 "Received of J. A. Paetz $3.00 Dollars
 Full Initial
 in payment for premium, on
 part . renewal
 "Policy
 "Form
 "No. Paid up Policy issued by ———— the
 Mutual Indemnity
 Accident, Health & Life
 Insurance Company of
 California
 Home Office: 405 South Hill Street
 Los Angeles, California
 "Liability of Company starts noon, 12 o'clock
 Pacific Standard Time, on day following Policy
 dating.
 "If Policy not received in 30 days Insured must
 notify Home office.
 "All Monies Returned if application is declined.
 "F. H. DECKER,
 "Agent.
 "All policies issued by the Company approved
 by the Department of Insurance of California."
```

The application, attached to the policy, named respondent, his mother, as beneficiary. This application was forwarded

to the home office of appellant, which on June 15th issued its policy insuring the said Joseph R. Paez for the term beginning 12 o'clock noon, Pacific standard time, June 15, 1926, to 12 o'clock noon, Pacific standard time, September 15, 1926, and with a provision for its renewal at the end of such period, upon the payment of a renewal premium of $13 for a second three-month term. The policy was mailed to appellant's agent for delivery.

Respondent argues that the policy by its terms was in effect at the time of the death of the insured and that no actual delivery was necessary. The agent of appellant who solicited the application testified that his duties consisted of soliciting and taking applications for insurance and collecting premiums for the policies; that he had solicited and obtained the application of insured and forwarded the same to the Los Angeles office; that he received the policy issued by appellant on such application around June 17th; that he had the policy in his possession at the time of the death of the insured; that, on the fifth day of July, after he had learned of the demise of the insured, and, after communicating with appellant, on orders from the appellant's home office, he returned the policy for cancellation; that he had made three attempts prior thereto to deliver the policy to the insured, at which times he demanded payment of the balance of the premium and that such payments were not made. Under this statement, was there a delivery of the policy? Section 1059 of the Civil Code, provides though a grant be not actually delivered into the possession of the grantee, it is to be deemed constructively delivered in two cases:

"1. Where the instrument is, by the agreement of the parties at the time of execution, understood to be delivered, and under such circumstances that the grantee is entitled to immediate delivery; or,

"2. Where it is delivered to a stranger for the benefit of the grantee, and his assent is shown, or may be presumed."

Section 1627 of the Civil Code, under the head of contracts, provides that the provisions of the chapter on transfers in general, concerning the delivery of grants, absolute and conditional, apply to all written contracts. In the case of *Carr* v. *Howell*, 154 Cal. 372, 380 [97 Pac. 885, 889], it is held that "while this section relates by its terms to a grant, we think the principles therein laid down are equally

applicable to any contract". (See, also, *Harrigan* v. *Home Life Ins. Co.*, 128 Cal. 531, 546 [58 Pac. 180, 61 Pac. 99].) It is a matter, therefore, solely of the intention of the parties. If it was intended that the document should be in force before it was actually handed over, it will be deemed to have been constructively delivered. Of course, the agent could not complete the contract of insurance, but he could contract subject to the approval of the company, whose ratification would make the contract binding as made. The receipt executed by the agent for defendant states: "Liability of Company starts noon, 12 o'clock Pacific Standard Time, on the day following policy dating." This clearly determines that the appellant intended to become liable from the hour stated in the policy. Suppose the insured had been killed on the afternoon of June 16th, the day after the execution of the contract of insurance and before any attempt to make delivery thereof, could it be contended that the appellant was not liable? We think not. Then if such be the rule, much less it behooves appellant to wait until after the accident, and when its agent has knowledge of its loss under said policy to return the same to the company. From a reading of the policy it must be held it was the intention that it should be in force at the time stated in the receipt and therefore it must be deemed to have been delivered as provided in the sections of the Civil Code heretofore referred to. The trial court found upon the evidence against the contention of appellant that said policy was constructively delivered, and there being sufficient evidence therefor, such finding will not be disturbed on appeal.

The receipt admitted in evidence stated that the sum of $20 is due, and acknowledges payment of $3. This was a sufficient consideration for the issuance of the policy. At any rate, appellant so considered it and the policy was issued. No payment or offer of repayment was ever made, so far as the record discloses. The appellant cannot be allowed to keep the consideration or any part thereof and deny liability. Under some circumstances by restoring the payment theretofore made, the appellant might have rescinded the contract. Nothing of this sort was done.

It is next complained that this action was prematurely brought for the reason that the policy in question contained a clause. "No action at law or in equity shall be

brought to recover on this policy prior to the expiration of 60 days after proof of loss has been filed in accordance with this policy, nor shall such action be brought at all unless brought within two years from the expiration of time within which proof of loss is required by this policy.'' On July 8, 1926, respondent's attorney wrote appellant, stating that J. A. Paez came to his death on July 4th, that deceased had applied for insurance in appellant company and paid $3 on account of premium, for which he held a receipt and asking the attitude of the appellant as to payment and for a copy of the application made by the deceased. In answer to this letter the appellant on July 9th wrote respondent's attorney stating that the premium was not paid by applicant and the policy was not delivered; that it was returned for cancellation under its rules and that the policy was not in force and ''we have no liability''. The unequivocal denial of liability on the contract relieved respondent from furnishing further proof and amounted to a waiver of the provisions requiring proof of loss to be furnished by the beneficiary under the terms of the policy. Should we hold otherwise appellant would be put in the position of saying: ''We have no contract with respondent but respondent cannot maintain suit until some clause of the contract which we maintain does not obligate us, is complied with.'' This seems rather absurd. Any conduct on the part of the insurer which tends to create a belief in the mind of the insured under the policy that notice of proof or loss will be unnecessary, operates as a waiver of the provision requiring such notice of proof. (Sec. 1440, Civ. Code; *Wilkinson* v. *Standard Acc. Ins. Co.*, 180 Cal. 252 [180 Pac. 607] ; *Millard* v. *Legion of Honor*, 81 Cal. 340, 349 [22 Pac. 864].) The insurance company waived the provision of the policy requiring proof of loss to be furnished by denying its liability (*Francis* v. *Iowa Nat. Fire Ins. Co.*, 112 Cal. App. 565 [297 Pac. 122] ). In *Lee* v. *United States Fire Ins. Co.*, 55 Cal. App. 391, 396 [203 Pac. 774, 776], it is said: ''The denial of such liability prior to the expiration of the time to make such proof of loss is a waiver of the condition of the policy requiring such proof. (*Farnum* v. *Phoenix Ins. Co.*, 83 Cal. 263 [17 Am. St. Rep. 233, 23 Pac. 869] ; . . . *Royal Ins. Co.* v. *Martin*, 192 U. S. 149 [48 L. Ed. 385, 24 Sup. Ct. Rep. 247].)'' Likewise, where

a denial of any liability under such policy is asserted by the insurer, it pertains equally to all parts thereof. Since the denial of liability operated as a waiver of the condition requiring proof of loss, the further requirement that no action should be brought to recover on the policy prior to the expiration of sixty days after proof of loss has been filed loses its efficacy. The obvious purpose of the provision inhibiting the institution of an action within the sixty-day period is to permit the company to make an investigation of the circumstances surrounding the loss, but if the company makes an outright denial of liability there can be no excuse for delay in commencing an action for the purpose of determining whether the company's claim of nonliability is well taken. It would be an idle act to insist upon compliance with the requirement for delay in bringing an action which the law "neither does nor requires". (Civ. Code, sec. 3532; *Farnum* v. *Phoenix Ins. Co., supra.*)

The last point raised by the appellant is that the trial court erred in refusing to admit certain evidence and that certain findings of fact were not supported by the evidence. ██ Appellant offered evidence as to the custom of the delivery of its policies transmitted to its agent for delivery, which, on objection of respondent, the court excluded. Proof of custom is not admissible to oppose or alter a rule of law or to change the legal rights or liabilities of parties as fixed by law. So also where a contract was not made with reference to custom, evidence as to the existence thereof is immaterial. Subdivision 12 of section 1870 of the Code of Civil Procedure provides that evidence may be given of usage to explain the true character of an act, contract or instrument when such true character is not otherwise explained, but usage is never admissible except as an instrument of interpretation. (*Withers* v. *Moore,* 140 Cal. 591, 597 [74 Pac. 159].) Usage should not be regarded at all unless it be of such a character as may be supposed to influence the parties to the contract. The evidence offered went to the custom between appellant and its agent. It was not shown, nor did appellant pretend that the insured knew or dealt with appellant with this usage in mind. The primary purpose in the admission of such evidence is to ascertain the intention of the parties to the contract, and without some showing that the insured contracted with this

custom in mind, such evidence was not admissible. There was nothing in this contract that required explanation. Section 1853 of the Code of Civil Procedure does not apply in the instant case, as there was no testimony tending to show insured had any knowledge of the customs sought to be proven.

Appellant offered, over objection of respondent, certain evidence proving that the deceased had made certain statements to the agent of the appellant. Respondent's objection to its admission was sustained and the offered evidence excluded. It is contended that the court erred in so doing. The testimony offered does not come within the exceptions provided for in subdivision 4 of section 1870 of the Code of Civil Procedure. In support of its contention in this regard appellant relies on *Yore* v. *Booth,* 110 Cal. 238 [52 Am. St. Rep. 81, 42 Pac. 808]. This was an action on a policy of life insurance issued to one Peter Yore. Certain declarations of the decedent, relative to the date of his birth, were offered in evidence for the purpose of proving that he had misstated his age in his application for the policy. The trial court excluded the evidence and its ruling was sustained, the Supreme Court holding that the decedent's prior declarations were not a part of the *res gestae* and not admissible. In the instant case any statement made by the deceased after the issuance of the policy was not a part of the *res gestae* and not binding on the plaintiffs herein and therefore not admissible.

Finding no error in the record the judgment of the trial court is affirmed.

Jennings, Acting P. J., and Marks, J., concurred.