[S. F. No. 14832. In Bank.—July 26, 1933.]

LOTTIE RUTH KRONE, Respondent, v. INSURANCE COMPANY OF NORTH AMERICA (a Corporation), Appellant.

W. M. Conley, Philip Conley, Matthew Conley and Conley, Conley & Conley for Appellant.

H. B. M. Miller for Respondent.

LANGDON, J.—This is an action to reform an insurance policy on ground of mistake. Plaintiff owned a two-story, shingle roof, frame dwelling-house in the city of Fresno, California, located in fire zone No. 1. A city ordinance provided that any structure in said zone which should be enlarged or altered to an extent exceeding twenty per cent of its value, should be made to comply completely with certain building requirements applicable to this zone. Plaintiff had a fire insurance policy in the amount of $4,975 on her building with North British & Mercantile Insurance Company, by the terms of which the company was liable only for the actual cash value of the loss, without allowance ''for any increased cost of repair or reconstruction by reason of any ordinance or law regulating the repair or construction of buildings''. Agents representing defendant company, soliciting plaintiff's business, explained that if damage occurred which required rebuilding in compliance with the ordinance, she would suffer an additional loss not covered by her regular policy. Thereafter, on June 29, 1928, they procured for her a ''Contingent Liability'' policy in the sum of $3,000, which they represented would cover the said possibility of loss for which she was not already insured. This policy was renewed some years later.

On April 23, 1931, a fire damaged the property to the extent of $1703, which sum was paid by North British & Mercantile Insurance Company. The city building inspector, finding that the building was worth $5,000, and consequently that there was over twenty per cent loss, refused a permit to repair the damage. Plaintiff then furnished proof of loss to defendant company, and claimed a loss of

$3,297, the difference between the value of the building ($5,000) and the amount paid by the other insurance company ($1703). Defendant refused to pay the sum demanded, relying on a clause in its policy which provided that its liability "shall not exceed . . . such proportion of the actual value . . . of the property . . . as the amount of this policy bears to the total insurance covering on the property". Defendant computed its liability under this clause as $1,075.86, though on other grounds it refused to pay the same. Plaintiff then brought this action, alleging that she had secured the contingent policy in reliance upon the representation that it would fully cover the possibility of loss for which her other policy did not insure her. The evidence to this effect was clear and convincing, and the trial court reformed the instrument and gave judgment for plaintiff in the sum of $3,000, the limit of the policy.

Defendant raises a number of points, none of which goes to the substantial merits of the cause, and they are deserving of only brief mention. ■ It is contended that plaintiff was guilty of laches in seeking reformation, in that nearly six years passed before she sought the relief. The obvious answer is, of course, that not until the loss occurred and the defendant made its position clear, did she discover the mistake, and then she acted with diligence. ■ It is further contended that by placing a deed of trust on the property, plaintiff violated the clause of the policy requiring "sole and unconditional ownership" by the assured. It has frequently been held that the giving of a mortgage or deed of trust does not violate such a clause. (*Lee* v. *United States Fire Ins. Co.*, 55 Cal. App. 391 [203 Pac. 774]; *Fox* v. *Connecticut Fire Ins. Co.*, (Mo. App.) [268 S. W. 393]; 3 Cooley on Insurance, p. 2181.) ■ Finally it is argued that the trial court erred in permitting plaintiff to amend her complaint after appeal was taken. The fact is that during the trial it was disclosed by the testimony that the present policy was a renewal of the one originally issued. Plaintiff thereupon asked the court for permission to amend on the face of the complaint, and proceeded to offer evidence on the issue. After judgment, and at the time of settlement of the transcript, it was discovered that by some inadvertence the amendment had not been made, and the court then made a *nunc pro tunc* order

authorizing it. This was entirely proper, and defendant has in no way been prejudiced.

No other points require discussion. The judgment is affirmed.

Preston, J., Curtis, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.