UNION STOCK YARDS NATIONAL BANK, APPELLEE, V. CHARLES D. DAY ET AL., APPELLANTS.

FILED OCTOBER 16, 1907. No. 14,942.

1. Ejectment: DEFENSES: EQUITY. An equitable defense may be interposed in an action in ejectment, but one who seeks the intervention of a court of equity must offer to do equity before he is entitled to equitable relief, whether he be plaintiff or defendant.

2. Evidence examined, and *held* to be sufficient to sustain the judgment.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Aaron Wall, C. L. Gutterson* and *Hall, Woods & Pound,* for appellants.

*H. M. Sullivan, contra.*

JACKSON, C.

The plaintiff's action is to recover the possession of the south half of the southeast quarter, the southeast quarter of the southwest quarter, and lot 4, all in section 19, township 19, range 24, Custer county. All parties to the action claim the right to possession through a common source of title. The petition is an ordinary declaration in eject-

ment. William McCombs held the legal title to the land on March 2, 1901, and, joining with his wife, he on that date conveyed the premises by warranty deed to Shelly Rogers Company of South Omaha. Plaintiff's title is through a warranty deed from McCombs' grantee. The defendants' claim of title is grounded on an alleged contract of purchase under date of November 2, 1898, and a claim of possession since that date sufficient to put the plaintiff and its grantor on inquiry as to their rights. The contract is as follows: "Merna, Nov. 2, 1898. I solde to C. D. Day the farm knone as the Baker place whitche I greede to see that he has a warntte Deade except Shele & Rodgs morge & taxes. Witch I receve payment for same. R. W. McCombs." The finding and judgment in the trial court was for the plaintiff, and the defendants appeal.

William McCombs was indebted to Shelly Rogers Company, the indebtedness being secured by real estate mortgage covering the land in dispute. The deed to Shelly Rogers Company was taken in satisfaction of the debt. R. W. McCombs is a son of William McCombs, and on behalf of the defendants it is claimed that William McCombs orally authorized the son to sell the land and retain whatever consideration he might receive in excess of an amount sufficient to pay the debt to Shelly Rogers Company, and that the contract of November 2, 1898, was made pursuant to this oral agreement; that the consideration for the contract was a horse of the value of $100, which was then delivered to R. W. McCombs. It appears from the testimony of William McCombs that he never saw the contract with Day until about a month prior to the trial. On his examination he testified as follows: "Q. What dealings did you have with Day? A. I never had any in fact. Q. Has your wife had any dealings or business transactions with Day? A. No. Q. Were you selling the land a second time when you sold it to Shelly Rogers Company? A. No. Q. Then the transaction that your son Wesley had with Day was not a sale, was it? A. I should say it was if he had complied with the contract. Q. If who complied

with the contract? A. Mr. Day. Q. Did you ever ask him to comply with the contract? A. I don't know that I ever did." A reasonable inference from this testimony is that William McCombs would have been willing to have conveyed the land to Day, provided Day paid the indebtedness to Shelly Rogers Company. There is no claim that Day ever offered to do so, or that the debt was in fact paid, except by the conveyance of the land. The defense pleaded is an equitable one, and the answers contain no offer to pay the debt. The rule that one who seeks equity should do equity is peculiarly applicable to the circumstances of this case, but, independently of the infirmity of the position assumed by the defendants in that respect, the judgment of the district court was right.

The contract was never recorded, and the evidence of possession is of so unsatisfactory a nature as to justify the conclusion reached. It is true that the defendants testified generally that they entered into possession of the land at the time the contract was made and have ever since that date continued in possession, but the facts testified to by them, construed in a light most favorable, disclose that the locality where the land is situated was occupied largely by cattlemen for grazing purposes; different proprietors had large tracts of land inclosed by fence for pasture. After securing the contract, the defendant C. D. Day, by closing up gaps between the pasture fences of other proprietors, inclosed about 30 acres of the land in dispute, with some 7,000 acres of government land, to which he made no claim of title, and a section of school land that he did claim, and occupied the land within the inclosure as a pasture for his own stock and the stock of other persons, which he pastured for a consideration. About 100 acres of the land was under cultivation at the time of the contract with Day, and was not inclosed by fence until the fall of 1901, after the deed to Shelly Rogers Company had been executed. This cultivated land the defendants claim to have farmed, but no one fixed the date when they commenced to farm the land earlier than the

latter part of the month of April, 1901. About 30 acres of the land is inclosed in the pasture of another ranchman and has never been used by the defendants. Under this state of facts, the trial court could not do otherwise than find that the claim of possession was not supported by sufficient facts to put the plaintiff's grantor upon inquiry. William McCombs testified that at the time the deed to Shelly Rogers Company was made Mr. Rogers of that firm transacted the business on behalf of his company, and that he informed Rogers that he had some kind of a contract against this land with Day, and that Day had agreed to pay the indebtedness. However, Mr. R. H. Olmsted, an attorney at law of Omaha, testified that he personally conducted the negotiations through which the title was acquired, and took the deed to his clients; that Mr. Rogers was not present, and that nothing was said concerning the contract with Day. Mr. Rogers himself testified that he was not present, and that he had no knowledge or information concerning such a contract. We think the clear weight of testimony discloses that no such information was given to the firm of Shelly Rogers Company.

The judgment of the district court is amply supported by the evidence, and violates no principle of law, and it is recommended that it be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.