[Sac. No. 2358. Department Two.—November 23, 1916.]

A. E. BULSON, Appellant, v. JAMES MOFFATT (also Sometimes Known as JAMES MOFFAT), and "Also All Other Persons Unknown, Claiming any Right, Title, Estate, Lien or Interest in the Real Property Described in the Complaint, Adverse to Plaintiff's Ownership, or any Cloud upon Plaintiff's Title Thereto," Defendants; JAMES MOFFATT, Respondent.

QUIETING TITLE — ACTION BY MORTGAGOR — LIEN OF MORTGAGE EXTINGUISHED—PAYMENT OF MORTGAGE DEBT.—Notwithstanding the lien of a mortgage has become extinguished, the mortgagor may not have his title to the mortgaged premises quieted as against the mortgagee, in an action brought under sections 749, 750 and 751 of the Code of Civil Procedure, without first paying the mortgage debt.

ID.—ILLEGALITY OF CONSIDERATION—PARTIES EQUALLY IN FAULT.—The fact that the consideration of the note secured by the mortgage was illegal because in violation of a statute, does not prevent the operation of such rule, where each of the parties was equally in fault.

APPEAL from a judgment of the Superior Court of Plumas County. J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

L. N. Peter, for Appellant.

A. F. St. Sure, for Respondent.

MELVIN, J.—Appeal by plaintiff on the judgment-roll alone from a judgment by which the superior court refused to quiet plaintiff's title to certain property in Plumas County.

The action was brought under authority of sections 749, 750, and 751 of the Code of Civil Procedure. After trial the court found that plaintiff was the owner in fee of all of the property involved; that by himself and his predecessors he had exclusively possessed it continuously for more than twenty years preceding the date of this action and had paid all taxes assessed against it; that Moffatt's only claim of interest was based upon a note and mortgage dated March 5, 1887, upon which no payment had been made since August,

1888; that said mortgage had never been paid, satisfied nor released and that it was still of record in Plumas County; that Moffatt was still the lawful owner of the note and mortgage; that in 1890 Moffatt commenced an action upon the note and mortgage; that the court, after trial of the cause, adjudged the consideration for said note and mortgage to have been illegal, both parties to the action having been equally in the wrong; that the said judgment was affirmed by the supreme court of California, September 1, 1892; and that aside from the mortgage Moffatt had no title whatever in the property specified in the complaint herein. Upon these findings the superior court concluded and adjudged that plaintiff was not entitled to have his title quieted.

The appeal to which the court referred in its findings was *Moffatt* v. *Bulson,* 96 Cal. 106 [31 Am. St. Rep. 192, 30 Pac. 1022].

Appellant contends that this is a proceeding purely *in rem* and that the doctrines of equity are not applicable to its facts. Actions under the McEnerney Act are *quasi* if not strictly *in rem* (*Title etc. Co.* v. *Kerrigan,* 150 Cal. 289–308, [119 Am. St. Rep. 199, 8 L. R. A. (N. S.) 682, 88 Pac. 356]), yet this court has held that such a proceeding may become in effect a simple action to quiet title between the parties. (*Faxon* v. *All Persons,* 166 Cal. 707, [L. R. A. 1916B, 1209, 137 Pac. 919].) This is a case coming properly under the same rule, and on the authority of that, and many other cases, the court was justified in finding that although the lien of the mortgage had become extinguished the debtor could not quiet title against the mortgagee without first paying his debt. (See Faxon case, *supra,* particularly at page 720.)

The fact that the consideration for the note was illegal does not take this case from under the operation of the rule. The parties to the foreclosure suit were both violators of a statute and each was equally at fault. This action should leave them, as did the foreclosure suit, exactly where their mutual violation of the statute placed them.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.