[Civ. No. 44177. Second Dist., Div. Three. Mar. 26, 1975.]

MARILLYN M. VANDERHOOF, Plaintiff and Appellant, v. PRUDENTIAL SAVINGS AND LOAN ASSOCIATION, Defendant and Respondent.

508

## COUNSEL

Clark & Kunert and Stanley D. Clark for Plaintiff and Appellant.

Meyers, Stevens & Walters and Steven M. Spector for Defendant and Respondent.

## OPINION

**ALLPORT, Acting P. J.**—Plaintiff appeals from a judgment of dismissal entered on an order sustaining without leave to amend a demurrer to her first amended complaint for breach of contract and negligence. The appeal lies. (Code Civ. Proc., § 904.1.)

The amended complaint alleges that, in order to provide their depositors with free notarial services, Prudential Savings and Loan Association prevailed upon Nadine C. Larson, one of its employees, to become a notary public. Larson did so in 1962 at the expense of Prudential and thereafter acted as such without any charge to Prudential customers. Larson did not receive any additional compensation for performing these services which were performed by her during regular working hours for the exclusive benefit of her employer. It was further alleged that on August 7, 1972, Einer W. Swanson, a Prudential depositor seeking notarial services, appeared before Larson and presented to her a previously typed document entitled "Last Will and Testament." Swanson signed the purported will before Larson who acknowledged his signature. At all times Swanson believed that the acknowledgment of his signature by a notary would result in his creating a valid will. Larson was aware this was not so and that the signature of two witnesses was required by law. She did not advise Swanson of this fact. He left with the belief that his estate would be distributed in accordance with the terms of this document, which purported to leave one-half of the residue to his grand-niece Vanderhoof. Following Swanson's death this document was denied probate for want of proper attestation and the estate was distributed under the terms of a former valid will which did not make provision for Vanderhoof. Vanderhoof brought this action for breach of contract and negligence against Prudential alone for damages in the sum of $20,000.[1] The demurrer to the first amended complaint was sustained upon the ground that it did not state facts sufficient to constitute a cause

[1]This was apparently the value of one-half of the residue at the date of Swanson's death.

of action. The action was dismissed under the provisions of Code of Civil Procedure section 581 subdivision 3.

## The Issues

It is contended on appeal that, by failing to advise Swanson that notarization of a document purporting to be a will would not validate it as a will, Larson breached her duty as a notary to him, rendering her employer Prudential liable for damages.

## Discussion

 Under the theory of the case as pled Prudential's liability presupposes liability on the part of its employee Larson. It follows that unless the complaint states a cause of action against Larson none has been stated against Prudential under the doctrine of *respondeat superior*. For reasons that follow we must concur in the trial court's determination that no cause of action was stated.

It is not alleged that the notary was instrumental in the preparation of the document or was asked to or voluntarily gave any advice regarding its validity as a will. In our opinion Larson had no duty to do so and, having no duty, her failure in this respect created no liability on her part to Vanderhoof and could not, therefore, form the basis for a cause of action against Prudential. It is alleged that Swanson took the previously prepared document to a Prudential office and "requested the services of a Notary Public." He showed the document to the notary, then signed it and the notary acknowledged the signature as being that of Swanson. Vanderhoof argues that because Larson, with superior knowledge of the legal requirements for the execution of a will, "agreed and undertook the supervision of the execution of the will" and in so doing failed to advise Swanson "that said notarization lent no validity to the document as a will" and that as so executed it was not a valid will, breached her duty as a notary. We do not agree.

The duties of a notary are specified in Government Code section 8205, as follows: "It is the duty of a notary public: (a) When requested, to demand acceptance and payment of foreign and inland bills of exchange, or promissory notes, to protest them for nonacceptance and nonpayment, and to exercise such other powers and duties as by the law

of nations and according to commercial usages, or by the laws of any other state, government, or country, may be performed by notaries. (b) To take the acknowledgment or proof of powers of attorney, mortgages, deeds, grants, transfers, and other instruments or writing executed by any person, and to give a certificate of such proof or acknowledgment, endorsed on or attached to the instrument. Such certificate shall be signed by him in his own handwriting. (c) To take depositions and affidavits, and administer oaths and affirmations, in all matters incident to the duties of the office, or to be used before any court, judge, officer, or board in this state. Any deposition, affidavit, oath or affirmation shall be signed by him in his own handwriting."

The acknowledgment of the execution of written instruments is a ministerial act devoid of the exercise of discretion. (*Banbury* v. *Arnold,* 91 Cal. 606, 610-611 [27 P. 934]; *Chapman* v. *Hicks,* 41 Cal.App. 158, 164 [182 P. 336].) In prescribing the qualifications of persons seeking the notarial commission Government Code section 8201 subdivision (e) requires that the prospective notary must satisfactorily answer a written questionnaire containing elementary questions "based on the statutory law of this state as set forth in the booklet of the laws of California relating to notaries public distributed without charge by the Secretary of State to all applicants for commission as notary public." The referenced booklet is entitled "Laws of California Relating to Notaries Public." It provides on page 1 "Among the acts which constitute the practice of law, and which therefore notaries public are prohibited from performing for others, are the preparation, drafting, or selection or determination of the kind of any legal document, or *giving advice with relation to any legal documents or matters including the following: Wills. . . .*" (Italics added.) Government Code section 8214.1 subdivision (h) provides for the revocation of the notarial commission for "[t]he practice of law in violation of Section 6125 of the Business and Professions Code."[2] To undertake to provide for the distribution of an estate by drafting and supervising the execution of a will is illegal. (*Biakanja* v. *Irving,* 49 Cal.2d 647, 651 [320 P.2d 16, 65 A.L.R.2d 1358].) The volunteering of information with respect to the legal effect of the manner in which a document is executed is not a function sanctioned by Government Code section 8205, *supra,* and is expressly condemned by section 8214.1 subdivision (h), *supra.*

---

[2]Section 6125 provides that "No person shall practice law in this State unless he is an active member of the State Bar."

▇ We conclude that, under the circumstances alleged in the complaint, Larson's duty as a notary public was simply to take the acknowledgment by Swanson that he was the person who executed the document in question and to so certify. Having done so she performed her duty under the law. The failure to volunteer information as to the legal effect of the manner of its attestation is not actionable for the reason that she not only had no duty in this respect, but for her to have done so would have been an illegal act.

We have considered the cases cited by Vanderhoof in support of her argument for reversal. They are factually distinguishable and not persuasive nor compelling of a contrary decision herein. We have not been referred to, nor has independent research revealed, any cases determinative of the question presented. Having determined that no cause of action has been stated as to its notary-employee, it follows that no cause has been stated against Prudential. For that reason we need not consider Vanderhoof's second contention regarding a private employer's liability for acts of an employee-notary. ▇ It is suggested that, even if the demurrer were properly sustained, it was an abuse of discretion to do so without leave to amend. We do not agree. The demurrer to the original complaint was apparently sustained with leave to amend. The record does not show that leave to amend was sought following the sustaining of the demurrer to the first amended complaint. We are not aware of any additional facts which, if pled, would result in the stating of a cause of action. It is a reasonable assumption that there are none. The memorandum of points and authorities filed in support of the demurrer to the original complaint makes reference to Government Code section 8200 et seq. and Business and Professions Code section 6125. Mere reference to these sections would put one on notice as to the need to plead facts establishing a duty on the part of the notary-employee. The transaction between Swanson and Larson was described in detail in the first amended complaint. No showing has been made that it was an abuse of discretion to refuse to allow leave to amend a second time if, in fact, there was such a request and refusal.

The judgment (order dismissing the action) is affirmed.

Cobey, J., and Potter, J., concurred.

A petition for a rehearing was denied April 9, 1975, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1975.