Filed 7/22/13  Jovaag v. Champion Mobile Notary CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JORY A. JOVAAG,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CHAMPION MOBILE NOTARY et al.,<br><br>Defendants and Respondents. | H038661<br>(Santa Clara County<br>Super. Ct. No. CV215896) |

This appeal is one in a series of appeals brought by Jory A. Jovaag related to the termination of her 29-year purported common-law marriage to Donald Ott, and Ms. Jovaag's action against Mr. Ott over the division of the couple's jointly held property.[1]

The present appeal is of the trial court's order sustaining Champion Mobile Notary's (Champion) demurrer without leave to amend.  Ms. Jovaag, who is proceeding in propria perona, asserts on appeal that the trial court erred in sustaining the demurrer without leave to amend, because it applied the wrong legal standard and abused its discretion.

---

[1] *Jovaag v. Ott*, Santa Clara County Superior Court No. CV119884.

## STATEMENT OF THE CASE

The underlying action for division of Ms. Jovaag and Mr. Ott's jointly held property was tried in May 2011. The court ruled in favor of Mr. Ott, and issued an injunction freezing all of Ms. Jovaag's accounts. Ms. Jovaag and Mr. Ott appeared for further hearing on the matter on May 16, 2011, and entered into a global settlement of all issues.

On July 20, 2011, a judgment was entered in favor of Mr. Ott. Part of the judgment required Ms. Jovaag to execute an interspousal transfer deed of trust to real property.

In January 2012, Ms. Jovaag filed a complaint against Champion, and Cathy Wong, a notary public, who notarized the interspousal transfer deed. The complaint alleged fraud, notary fraud, real estate fraud, and negligence in connection with the notarizing of the transfer deed. The basis of Ms. Jovaag's allegations is her belief that Ms. Wong conspired with Mr. Ott and Mr. Jensen to "ambush" Ms. Jovaag into signing the interspousal transfer deed knowing that she had never been legally married to Mr. Ott.

On February 22, 2012, Champion and Ms. Wong filed a demurrer to the complaint pursuant to Code of Civil Procedure section 430.10, subdivision (f).[2] On July 5, 2012, the court sustained the demurrer as to all causes of action alleged in the complaint, without leave to amend.

## DISCUSSION

On appeal, Ms. Jovaag asserts the court applied the wrong legal standard in considering the demurrer and abused its discretion in denying her leave to amend the complaint.

---

[2] Mr. Ott and Mr. Jensen filed anti-SLAPP motions pursuant to Code of Civil Procedure section 425.16. The court granted the motions, and the order dismissing the complaint as to Mr. Ott and Mr. Jensen is subject to a companion appeal in this court in case number H038468.

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) "When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations] The burden of proving such reasonable possibility is squarely on the plaintiff. [Citation]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Ms. Jovaag asserts causes of action against Ms. Wong for actual fraud, notary fraud, real estate fraud and negligence in connection with her notarizing Ms. Jovaag's signature on the interspousal transfer deed.

"A complaint for fraud must allege the following elements: (1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." (*Service By Medallion, Inc. v. Clorox Company* (1996) 44 Cal.App.4th 1807, 1816.) Every element must be specifically pleaded. (*Ibid.*) This pleading requirement of specificity applies not only to the alleged misrepresentation, but also to the elements of causation and damage. As this court stated in Service By Medallion, Inc., "In order to recover for fraud, as in any other tort, the plaintiff must plead and prove the 'detriment proximately caused' by the defendant's tortious conduct. (Civ. Code, § 3333.) Deception without resulting loss is not actionable fraud. [Citation.] 'Whatever form it takes, the injury or damage must not only be distinctly alleged but its causal connection with the reliance on the

3

representations must be shown.' " (*Service By Medallion, Inc. v. Clorox Company, supra*, 44 Cal.App.4th at p.1818; see also *Cooper v. Equity Gen. Insurance* (1990) 219 Cal.App.3d 1252, 1262, ["in California, every element of a cause of action for fraud must be alleged both factually and specifically, and the policy of liberal construction of pleadings will not be invoked to sustain a defective complaint."].)

Here, the gravamen of Ms. Jovaag's fraud claim against Ms. Wong is that she committed fraud by notarizing the interspousal transfer deed that falsely stated that Ms. Jovaag and Mr. Ott were husband and wife. However, Ms. Jovaag cannot demonstrate that she relied on any misrepresentation by Ms. Wong to her detriment, because she knew she had never been married to Mr. Ott. Simply put, Ms. Jovaag does not allege that in executing her notary duty in regard to Ms. Jovaag's signature that Ms. Wong made any misrepresentation upon which she relied to her detriment. While Ms. Jovaag may believe the deed is "illegal" and "unenforceable," those opinions are irrelevant to her allegation of fraud against Ms. Wong.

Ms. Jovaag failed to plead facts sufficient to state a cause of action for fraud against Ms. Wong, and the demurrer to the first (actual fraud), second (notary fraud) and third (real estate fraud) causes of action was properly sustained. Moreover, Ms. Jovaag did not meet her burden of demonstrating how she could cure the defect in the complaint. (*Gutkin v. University of California* (2002) 101 Cal.App.4th 967, 976.)

In addition to the causes of action for fraud, the complaint also asserts a cause of action against Ms. Wong for negligence. Specifically, the complaint alleges Ms. Wong breached her duty of care by notarizing the interpsousal transfer deed despite the false statement contained in the deed that Ms. Jovaag and Mr. Ott were married. However, a notary's legal duty only arises from the certificate of acknowledgment that the notarized signature is genuine. (*Vanderhoof v. Prudential Sav. & Loan Assoc.* (1975) 46 Cal.App.3d 507, 512.) A notary has no duty to determine the legality of the signed

4

document, nor to give any advice regarding the document to the signor. (See Bus. & Prof. Code, § 6125 stating that only licensed attorneys may give legal advice.) Here, Ms. Jovaag concedes that her signature on the deed is genuine and does not allege Ms. Wong negligently prepared the certificate of acknowledgment. As a result, Ms. Jovaag fails to allege any breach of duty on the part of Ms. Wong, and as a result, does not allege facts sufficient to state a cause of action for negligence.

The demurrer in this cause was properly sustained without leave to amend. Based on the facts alleged, in particular that Ms. Jovaag knew she was never married to Mr. Ott, and that she acknowledged that the signature on the deed was genuine, she cannot amend the complaint to change the legal outcome in this case. Ms. Jovaag has not demonstrated that she can adequately cure the defects in the complaint against Ms. Wong. (See *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

**DISPOSITION**

The order appealed from is affirmed.

_____
RUSHING, P.J.


WE CONCUR:


_____
PREMO, J.


_____
ELIA, J.

5