[Civ. No. 8471. First Appellate District, Division One.—June 3, 1932.]

ARTHUR J. BRIX, Respondent, v. PEOPLES MUTUAL LIFE INSURANCE COMPANY (a Corporation), Appellant.

A. B. Weiler for Appellant.

Samuel M. Samter and J. J. Posner for Respondent.

DOOLING, J., *pro tem.*—This is an appeal from an order denying a motion for change of venue from San Francisco to Los Angeles County. The action was brought upon a policy of accident insurance issued by defendant and appellant, a corporation. At the time the policy was issued and at the time the accident to the insured occurred the principal place of business of appellant was in San Francisco,

but prior to the time suit was brought appellant transferred its principal place of business to Los Angeles County.

Under section 16 of article XII of the state Constitution a corporation may be sued upon a contract, among other places, "in the county where the contract is made". If the contract of insurance here sued upon was made in San Francisco, the order appealed from must be affirmed.

The application for the policy here in question was signed by respondent at Valley Springs, California, and forwarded by appellant's resident agent there to appellant's San Francisco office. The policy of insurance was executed by appellant in San Francisco and mailed to its agent at Valley Springs with instructions not to deliver it to respondent unless respondent paid the premium and was in good health. Pursuant to these instructions the policy was delivered to respondent by the agent at Valley Springs. It is appellant's contention that the contract was made at Valley Springs by delivery to respondent there. It is respondent's position that the contract was made in San Francisco when the policy was signed by the appellant's officers.

The application contained the two following provisions:

"21. I agree that there shall be no insurance in force until the policy is issued and accepted by me while I am in good health and free from injury and I have paid the policy fee, if any, and the full premium as stated in the policy.

"22. I agree that policy, if issued, shall be in force at 12 o'clock noon, standard time, the date of issuance."

At first blush it may seem that these two provisions are in hopeless conflict. However, they must be reconciled, if possible so as to give them both a reasonable effect. (Sec. 1652, Civ. Code; 6 Cal. Jur., p. 280, sec. 172.)

Section 22 of the application provides that the policy shall be in force at 12 o'clock noon, the date of issuance. "The words 'issue', 'issuance', and 'issued', in reference to an insurance policy, are used in different senses, sometimes as meaning the preparation and signing of the instrument by the officers of the company, as distinguished from its delivery to insured, and sometimes as meaning its delivery and acceptance . . . " (32 C. J., p. 1123, sec. 225.) That the words "issued" and "issuance" are used in the application in the former rather than the latter sense seems clear from the provision of section 21 "that there shall be no

insurance in force until the policy is *issued* and *accepted"*. (Italics ours.) Construing the words "issued" and "issuance" as referring to the signing of the policy by appellant's officers avoids the tautology that would otherwise exist in this provision, using as it does the words "issued" and "accepted" in the conjunctive.

It will be noted that section 21 provides that "there shall be no *insurance* in force until the policy is issued and accepted", etc. Section 22, on the other hand, provides that *"policy,* if issued, shall be in force at 12 o'clock noon, standard time, the date of issuance". (Italics ours.) Section 21 refers to "insurance", and section 22 to "policy". The "policy" is the contract of insurance, while "insurance" is used in section 21 in the sense of the liability of the company to pay upon the happening of the event insured against. With this in mind the two sections are perfectly consistent with one another.

Section 22 may be paraphrased to read: "I agree that the contract of insurance, if signed by the officers of the company, shall be in force at 12 o'clock noon, standard time, date of signing."

Section 21 may likewise be paraphrased: "I agree that there shall be no liability to pay insurance in force until the policy is signed by the officers of the company and accepted by me while I am in good health," etc.

As so construed the agreement is that the contract shall be complete upon its signing by the officers of the company, but that liability to pay insurance under the contract shall depend upon the happening of a condition precedent, the acceptance of the policy while in good health, etc. We thus have the not unusual case of a present contract with liability thereunder contingent upon the happening of a future event. It is no different in principle than if the contract was made to-day to cover the insured commencing January 1, 1933, or during a contemplated trip to Europe which the insured intends to take in the future. The contract is made when the parties agree that it shall come into existence. The liability under it comes into force when the specified contingency occurs, i. e., in the supposed cases, on January 1, 1933; when the insured starts his contemplated trip to Europe; or, in the case at hand, when the policy is accepted while the insured is in good health, etc. The parties may

by their agreement bring the contract into being at such time as they see fit (*Paez* v. *Mutual Indemnity Acc., Health & Life Ins. Co.,* 116 Cal. App. 654 [3 Pac. (2d) 69]); and here they agreed that the contract should arise when the officers signed the policy. The signing was in San Francisco, and hence the contract was made there.

The order appealed from is accordingly affirmed.

Knight, Acting P. J., and Cashin, J., concurred.